08-3188-ag
Lin v. Holder

BIA
Abrams, IJ
A 95 673 818

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of February, two thousand ten.

PRESENT:
>
> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

_____

BO LIN LIN, A/K/A PAUL CHANG,
      *Petitioner*,

      v.                                    08-3188-ag
                                            NAC
ERIC H. HOLDER JR.,[1] UNITED STATES
ATTORNEY GENERAL,
      *Respondent*,

_____

FOR PETITIONER:        Feng Li, New York, New York.

FOR RESPONDENT:        Michael F. Hurtz, Acting Assistant Attorney General, Barry J. Pettinato, Assistant Director, Tim Ramnitz, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bo Lin Lin, a native and citizen of China, seeks review of a June 19, 2008 order of the BIA affirming the June 28, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bo Lin Lin*, No. A 95 673 818 (B.I.A. June 19, 2008), *aff'g* No. A 95 673 818 (Immig. Ct. N.Y. City June 28, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

The agency properly found that Lin failed to demonstrate that he had a well-founded fear of future persecution based on his claim that his parents' Falun Gong activities had been imputed to him and that officials in China would become aware of his Falun Gong activities in the U.S. To establish asylum eligibility based on a fear of future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). A fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Contrary to Lin's argument that his parents' Falun Gong activities were imputed to him, Lin's testimony fails to support his claim that the police were looking for him in order to arrest or persecute him. Lin failed to provide any corroboration from his uncle, who purportedly told Lin that the police were looking for him. The only corroboration that Lin did submit to support his testimony was a letter from his parents, which the agency reasonably afforded limited

-2-

probative weight, given that it was unauthenticated.[2]  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006).

Lin also argues that the agency erred in making its burden finding where he participated in a Falun Gong rally outside the Chinese consulate in the U.S., his picture could have been taken by consulate cameras, and there is a chance that officials in China would have seen his picture at the rally.  Contrary to Lin's argument, this is not "solid support" for his contention that the authorities in China are aware or will become aware of his Falun Gong activities in the United States, making his claim of a well-founded fear "speculative at best." *Jian Xing Huang*, 421 F.3d at 129; *see also Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008).  Accordingly, the agency properly denied Lin's asylum application to the extent it was based on his fear of future persecution.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur,* 494 F.3d at 289.

Inasmuch as Lin failed to meet the burden of proof for asylum, he also failed to meet the higher burden of proof necessary to establish eligibility for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Finally, because Lin fails to challenge the BIA's denial of his application for CAT relief, we consider any such argument waived.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2]In *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404-05 (2d Cir. 2005), we held that the agency errs when it rejects a document because it was not authenticated pursuant to the procedures set forth in 8 C.F.R. § 287.6.  Here, however, the letter at issue was not an official document of the sort described in the regulation.  Rather, it was an unsworn letter with no indicia of authenticity.  Under these circumstances, we find no error in the IJ's refusal to give the document "much weight."